UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEWFREY LLC, a Delaware Corporation and
EMHART TEKNOLOGIES LLC, a
Delaware Corporation,

    Plaintiffs,

-vs-

                                        Case No. 07-13029
                                        Hon: AVERN COHN

BURNEX CORPORATION,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON PLAINTIFFS' DAMAGES CLAIMS (D/E 79)**

This is a hotly contested patent case. It has engendered a good deal of lawyer activity. It is not clear that the resources being devoted to it will be justified by the outcome, however favorable to either party. Currently before the Court is defendant's motion for partial summary judgment on plaintiffs' damages claim. Defendant asserts that if plaintiffs are successful at trial, their damages are limited to the period following filing of suit, because the patented product was not marked, and because defendant did not have actual notice of plaintiffs' claim of infringement until the day suit was filed, July 20, 2007.[1]

---

[1] 35 U.S.C. § 287(a) states:
"Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent. . . . In the event of failure to so mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for

Plaintiffs assert that defendant had actual notice on February 01, 2007, the date plaintiffs wrote defendant claiming infringement. The letter states in part:

> Since Burnex is manufacturing and selling these fasteners without permission, Burnex is liable for infringement of these patents.

Defendant responds by reciting its efforts "to learn from plaintiffs when they were claiming 'notice' under 35 USC § 287(a) to start the clock on infringement damages," and the failure of plaintiffs to respond until the filing of the motion.

Defendant in its response makes no mention of whether or not it had knowledge of the February 01, 2007 letter at the time it filed its motion.

In all, this is a tempest in a tea pot, hardly worthy of the efforts it has engendered. On February 01, 2007, defendant was on notice of plaintiffs' claim of infringement. Plaintiffs were not forthcoming in promptly responding to defendant's post-filing requirement for information regarding the date from which it asserted damages. In all, the Court has the right to expect a higher level of lawyer activity than is displayed by the papers on this motion.

Defendant's motion for partial summary judgment on plaintiffs' damages claim is DENIED without prejudice to permit defendant to move for sanctions following the decision on the substantive issues.

SO ORDERED.

Dated: October 23, 2009            s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

---

infringement occurring after such notice. Filing of an action for infringement shall constitute such notice."

**07-13029   Newfrey, LLC, et al v. Burnex Corp.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 23, 2009, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160