UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEWFREY LLC, a Delaware Corporation and
EMHART TEKNOLOGIES LLC, a
Delaware Corporation,

    Plaintiffs,

                                             Case No. 07-13029
-vs-                                    Hon: AVERN COHN

BURNEX CORPORATION,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY OF '705 AND '638 PATENT IN SUIT (D/E 75)**

**I.**

This is a hotly contested patent case. Plaintiffs Newfrey LLC (Newfrey) and Emhart Teknologies LLC (Emhart) (collectively "plaintiffs") claims that defendant Burnex Corp. (Burnex) has infringed three patents for fasteners or clips: United States Patent Nos. 6,928,705, 7,096,638, and 7,120,971.  In response Burnex claims that it has not infringed the patents, that the patents are invalid, and that the patents should not be enforced due to plaintiffs' inequitable conduct.

Now before the Court is Burnex's motion for summary judgment of unenforceability of the '705 and '638 patents-in-suit.  For the reasons that follow the motion will be denied.

**II.**

On August 4, 2009 Burnex filed this motion. Burnex asserts that Newfrey committed inequitable conduct by engaging in examiner shopping and intentionally failing to disclose material information about the rejection of related claims to the Patent and Trademark Office.

On August 25, 2009 Newfrey filed a response.

On October 9, 2009 Burnex filed a motion for leave to file its second amended counterclaims. The proposed second amended counterclaims contains additional allegations of inequitable conduct with respect to both the '705 and '638 patents.

**III.**

On its face, Rule 56 permits a party to move for summary judgment on "all or part of a claim." FED. R. CIV. P. 56. However, it is inefficient and impracticable to resolve complex issues such as allegations of inequitable conduct in a piecemeal fashion. See e.g., S.E.C. v. Liberty Capital Group Inc., 75 F. Supp. 2d 1160 (W.D. Wash. 1999) (denying motion for summary judgment on part of liability claim when issues in the case were "inextricably intertwined" and a partial determination would do little to move the case forward). In light of its proposed second amended complaint, the grounds for inequitable conduct addressed in Burnex's pending motion only address a small part of its total claim. Therefore it makes little sense to address the merits of Burnex's motion until it can present a comprehensive argument with respect to all of its alleged grounds for inequitable conduct.

## CONCLUSION

For the reasons stated above, Burnex's Motion for Summary Judgment of Unenforceability of the '705 and '638 Patents-in-Suit, or in the Alternative, for a *Gardco* Trial on Inequitable Conduct is DENIED without prejudice. Burnex may renew its motion at a later date by filing a single motion addressing all of its grounds for unenforceability on grounds of inequitable conduct.

SO ORDERED.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: October 26, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 26, 2009, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160