UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEWFREY LLC, a Delaware Corporation and
EMHART TEKNOLOGIES LLC, a
Delaware Corporation,

    Plaintiffs,

-vs-

    Case No. 07-13029
    Hon: AVERN COHN

BURNEX CORPORATION,

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE THE HILTON DECLARATION AS A RULE 37(d) SANCTION

**I.**

This is a hotly contested patent case. Plaintiffs Newfrey LLC (Newfrey) and Emhart Teknologies LLC (Emhart) (collectively "plaintiffs") complain that defendant Burnex Corp. (Burnex) has infringed three patents for fasteners or clips for which Newfrey is an assignee and Emhart is licensee. The patents in suit are United States Patent Nos. 6,928,705, 7,096,638, and 7,120,971. In response Burnex asserts that it has not infringed the patents, that the patents are invalid, and that the patents should not be enforced due to plaintiffs' inequitable conduct.

Now before the Court is defendant Burnex's motion for sanctions against plaintiffs pursuant TO FED. R. CIV. P. 37(d). Burnex asserts that Michael Hilton, plaintiffs' deposition designee pursuant to FED. R. CIV. P. 30(d)(6), was unprepared for his

deposition and that, as a result, his subsequent declaration on the same subject matter as the deposition should be struck as a sanction.

**II.**

The following facts are taken from the parties' papers:[1]

Pursuant to FED. R. CIV. P. 30(d)(6), Burnex served a subpoena on Harness Dickey & Pierce (HDP), Newfrey's legal counsel, to testify by deposition on the examination topics labeled as Schedule A:

> 1. Any awareness of HDP of a sale or offer for sale, in the United States, of Emhart Fastener 13574, prior to March 2, 2000, including (without implied limitation) an August 1989 sale, or offer for sale, of such fastener to Saturn Corporation.
> 2. HDP's compliance with 37 C.F.R. § 1.56(a) in respect of any awareness of a sale. Or offer for sale. In the United States, of Emhart Fastener 13574.
> 3. The rejection of application claim 22 in the prosecution of Application Serial No. 10/678,742.
> 4. The filing of application claim 30 in the prosecution of Application Serial No. 10/449,647.
> 5. HDP's compliance with 37 C.F.R. § 1.56(a) as described in MPEP 2001.06(b), in respect of disclosure to Primary Examiner Basil S. Katcheves of Art Unit 3635, in Application Serial No. 10/449,647, of the rejection by Primary Examiner Victor N. Sakran of Art Unit 3677, of application claim 22 in Application Serial No. 10/678,742.
> 6. HDP's compliance with 37 C.F.R. § 1.56(a) in respect tot he disclosure in Application Serial No. 10/449,647, now issued as the '638 patent, of Emhart products sold prior to May 30, 2002.

HDP responded by designating Hilton for deposition.

Hilton was deposed by Burnex on July 15, 2009.

---

[1] The Court has previously noted the copious amount of lawyer activity dedicated to this case (Doc. 117). Rather than reciting all of the facts relevant to the case, this memorandum will be limited to those facts relevant to resolving this motion.

On August 4, 2009 Burnex filed a motion for summary judgment of unenforceability of the '705 and '638 patents-in-suit (Doc. 75).  Burnex asserted that plaintiffs engaged in inequitable conduct through examiner shopping.

On August 25, 2009 plaintiffs filed their response (Doc. 84).  Included in the response was a declaration by Hilton regarding his actions before the Patent and Trademark Office (PTO) with respect to the '705 and '638 patents.  Hilton was the attorney who prosecuted the patents for Newfrey and presumably was fully familiar with the prosecution of the patents application.

On September 4, 2009 Burnex filed a reply in which it objected to plaintiff's reliance on Hilton's declaration (Doc. 87).  On September 4, 2009 Burnex also filed this motion seeking to strike Hilton's declaration.  Burnex asserts that Hilton's declaration was considerably more detailed than was his testimony at deposition.

### III.

### A.

Pursuant to Fed. R. Civ. P. 30(b)(6) a party may, during discovery:

> name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, director, or managing agents , or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

A person designated under this rule must be prepared to testify on the matters included in the deposition notice, see, e.g., King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995),  but cannot be expected to prepare to testify on all matters relevant to the litigation

at issue.

### B.

If the person designated as a Rule 30(b)(6) deponent fails to adhere to the requirements of the rules of civil procedure, the organization may be subject to sanctions:

> The court where the action is pending may, on motion, order sanctions if:
> (I) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) fails, after being served with proper notice, to appear for that person's deposition.

FED. R. CIV. P. 37(d)(1)(A). Permissible sanctions are listed in FED. R. CIV. P. 37(b)(2)(A) and include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Further, some courts have found that when a Rule 30(b)(6) deponent is not prepared to answer questions related to the matters included in the deposition notice, it is as if that witness did not appear at the deposition at all. See, e.g., Resolution Trust Corp. V. Southern Union Co., 985 F.2d 196, 197 (5th Cir. 1993). While FED. R. CIV. P. 37(d)(1)(A) permits a court to impose sanctions, it is not required to do so. In all cases, a court retains discretion as to both the nature of sanction and whether to grant them at all.

### IV.

### A.

Burnex asserts that plaintiffs' Rule 30(b)(6) designee, Hilton, did not adequately prepare for his deposition and refused to answer relevant questions during the deposition. It asserts that Hilton failed to review certain documents relevant to the patents-in-suit and to familiarize himself with the status of the litigation. Furthermore, Burnex asserts that

4

Hilton deliberately "failed to remember" facts that should have been fresh in his mind and that he deliberately failed to recognize the meaning of several words and terms of art commonly used by patent attorneys.  Burnex then takes issue with Hilton's suddenly clear memory of the events surrounding the drafting and filing of claim 30 in the prosecution of patent '647 as reflected in his declaration.

Plaintiffs respond by asserting that Hilton was fully prepared to answer questions related to the examination topics that Burnex indicated would be the subject of the deposition.  They also assert that Hilton did in fact fully answer these questions.  However, plaintiffs assert that Hilton did not prepare to answer questions outside of the matters noticed by Burnex and thus did not always have full recollection of these matters.  They further suggest that Hilton is a careful individual and wanted precise clarification of a number of terms before answering questions related to them.

Most importantly, plaintiffs assert that the Hilton declaration – which Burnex seeks to strike – is fully consistent with Hilton's testimony at his deposition.  Hilton's declaration is essentially an assertion that Hilton drafted Claim 30 of the '647 patent (Claim 30) based on the language of Claim 32 of the '742 patent (Claim 32) and not based on Claim 22 of the '742 patent (Claim 22).  Hilton further says that he did not intend to deceive the Patent and Trademark Office (PTO) when he failed to disclose that Claim 22 had been rejected.  Plaintiffs assert that Burnex accused Hilton of using Claim 22 as the source for Claim 30 and simply failed to adequately question Hilton about the drafting of Claim 32. Plaintiffs cite the following testimony from Hilton's deposition:

5

> Q.Do you have any memory at present as to why you modified application claim 22 in the manner now shown as application claim 30?
>     MR. MCCLAUGHRY: Objection, form of the question.
> BY MR. TUTTLE:
> Q: Any present memory why you did that?
> A. I don't believe I did that.
> Q. Who did that?
> A. I don't believe that occurred.
>
> * * *
>
> Q. You wrote both of the claims?
> A. You've represented it, so I'm taking that for a fact.
> Q. Good you may.
>     You wrote both claims, correct?
> A. I did.
> Q. Okay. Which claim is broader?
>     MR. MCCLAUGHRY: Objection, it's not within the topics. Objection to the form of the question.
> BY MR. TUTTLE
> Q. Your answer, please?
> A. As I told you, one has one set of language, one has another set of language. That's all I can tell you.
> Q. Do you have a position as you appear here today on which claim's broader in scope?
>     MR. MCCLAUGHRY: Objection
> A. In what way? No, I don't.

Hilton Dep. P. 135:2-136:10. Burnex presented no other evidence from Hilton's deposition testimony that related to the source of Claim 30.

**B.**

Burnex is correct to assert that Hilton was a difficult witness to depose.[2] Deposition testimony presented by Burnex suggests that Hilton failed to remember anything that he

---

[2]The Court expresses no opinion as to the propriety of Hilton's conduct as a whole. Its findings are limited to the issues presented in the motion.

believed was outside the scope of the Rule 30(b)(6) request. In addition, Hilton required excruciating detail and definitions of words and terms of art commonly used by patent attorneys. However, Burnex's motion for sanctions only requests that Hilton's declaration be struck.

Hilton's declaration regarding the drafting and filing of Claim 30 is clearly within the subject matter included in Schedule A. As such it could be struck in a Rule 37 sanction. However, such a sanction is not appropriate in this case. There is no substantive inconsistency between Hilton's deposition testimony and his subsequent declaration. The deposition testimony makes two points clear: (1) Burnex believes that Hilton used Claim 22 as the source for Claim 30 and (2) Hilton denies this. Hilton's declaration is fully consistent with these facts. Once Hilton asserted that he did not use Claim 22 as a source for Claim 30, Burnex abandoned the subject and did not question Hilton further about the source he used in drafting Claim 30.

Burnex claims that Hilton was unprepared for his deposition and did not answer relevant questions. The Court will not speculate as to the answers Hilton may have given at his deposition had Burnex asked a different set of questions. The failure to uncover Hilton's asserted source for drafting Claim 30 at Hilton's deposition is at least partially attributable to Burnex's failure to ask this rather obvious question. As a result, it would not be proper to sanction Newfrey by striking Hilton's declaration.

This decision is strictly limited to the propriety of the Hilton declaration. Burnex remains free to challenge testimony offered by Hilton at trial if it believes it is inconsistent with the statements that he made at his deposition.

## CONCLUSION

For the reasons stated above, Burnex's motion to strike the Hilton Declaration is DENIED.

SO ORDERED.

                              s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

Dated: November 5, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 5, 2009, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5160